UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

FREDDY HARDRICK,

        Plaintiff,         Case No. 2:17-cv-29

v.         Honorable Paul L. Maloney

DUNCAN MACLAREN, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant MacLaren. The Court will serve the complaint against Defendant McQuiggin.

**Discussion**

I.       Factual allegations

Plaintiff Freddy Hardrick, a Michigan state prisoner currently confined at the Oaks Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Duncan MacLaren and Chaplain Linda McQuiggin, both of whom were employed by the MDOC at the Kinross Correctional Facility (KCF) during the pertinent time period. Plaintiff alleges that he is an observant Muslim and that his religious belief requires him to participate in the Ramadan fast.

Plaintiff states that in May of 2016, while he was confined at KCF, he sent several kites to Defendant McQuiggin requesting to participate in the fast for the month of Ramadan, which was to start on June 6, 2016. Defendant McQuiggin responded by stating that Plaintiff had missed the deadline. Plaintiff then kited Defendant MacLaren and asked him to intervene on his behalf. Defendant MacLaren did not respond to Plaintiff's kite. Plaintiff spoke to unit block representatives Boudreaux #449302 and Palmer #212599, who had received similar complaints from other prisoners. Prisoners Boudreaux #449302 and Palmer #212599 approached Corrections Officer Moran, who phoned Defendant McQuiggin. Defendant McQuiggin told Officer Moran that she had sent out a policy memorandum to each housing unit setting forth the deadline. Plaintiff sent a note to Defendant McQuiggin explaining that he never saw the memo and was not aware of the deadline. Plaintiff did not receive a response to his note.

Plaintiff states that housing unit block representatives Boudreaux #449302 and Palmer #212599 walked around the unit and collected the names of all the prisoners who were seeking to participate in the Ramadan fast. The block representatives took the names collected to

the Warden Forum meeting, and submitted the names to Administrative Assistant David Mastaw. Mr. Mastaw indicated that he would submit the names to Defendant McQuiggin, and that they would be allowed to participate in the fast.

On June 6, 2016, the first day of the fast, Plaintiff walked over to the Ramadan meal lines with his unit. Once there, Plaintiff discovered that his name and the names of several other inmates were not on the list. Plaintiff explained the situation to Captain Colvin, who said that if there were enough Ramadan meals, Plaintiff and the other prisoners would be fed. Plaintiff states that the prisoners who were omitted from the list all received Ramadan meal bags, and that the food steward recorded all their names and added them to the food count.

On June 7, 2016, Plaintiff had still not received an "itinerary" for Ramadan meals, which indicated that he had not been added to the list. When Plaintiff arrived for his meal, he and the other prisoners without an itinerary were being turned away by corrections officers. Plaintiff sought assistance from Captain Colvin, who stated that he did not have a problem accommodating him for Ramadan, but that he could not go over Defendant McQuiggin's head. Plaintiff was told that he needed to straighten things out with Defendant McQuiggin and that he would not be able to come back to the Ramadan meal line without an itinerary or he would receive a ticket for being out of place. Food Service Director Shawn McMullien told Plaintiff that accommodating Plaintiff would be no problem, but that Plaintiff had to get Defendant McQuiggin to add his name to the list. Plaintiff never received a response from Defendant McQuiggin to his request to be added to the list. Nor did Plaintiff receive a response from Defendant MacLaren.

Plaintiff made attempts to fast by sneaking his food from the chow hall, but Plaintiff was forced to dispose of the food on several occasions because prisoners are not allowed to remove

food from the chow hall. After one week of attempting to fast this way, Plaintiff began to experience headaches, extreme hunger, and problems with bowel movements due to lack of food. Consequently, Plaintiff was forced to give up fasting during Ramadan. Plaintiff filed a grievance, but did not receive a step I response until three days before the Ramadan fast ended. At that point, Plaintiff was interviewed by Deputy Warden Cecil Daley, who stated that it was his fault and that he should have heard Plaintiff on his complaint sooner so that he could have placed Plaintiff on call-out. Deputy Warden Daley told Plaintiff that he did not know why Defendant McQuiggin had not placed Plaintiff on call-out, and that they were going to come up with a better plan "next year."

Plaintiff states that Defendants' conduct violated his First Amendment right to exercise his religious beliefs. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiff must establish that Defendant MacLaren was personally involved, or that he otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). There must be more than merely a right to control employees, as Plaintiff must show that Defendant MacLaren at least implicitly authorized, approved, or knowingly

acquiesced in the unconstitutional conduct of the offending employees. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff fails to allege any facts that show Defendant MacLaren encouraged or condoned the conduct of the officers, or that Defendant MacLaren authorized, approved or knowingly acquiesced in the conduct. Because Plaintiff's § 1983 claim against Defendant MacLaren is premised on nothing more than respondeat superior liability, Defendant MacLaren is properly dismissed. *Copeland*, 57 F.3d at 481.

The Court notes that Plaintiff's First Amendment claim against Defendant McQuiggin is nonfrivolous and may not be dismissed on initial review. Therefore, the Court will order service of the complaint on Defendant McQuiggin.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant MacLaren will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant McQuiggin.

An Order consistent with this Opinion will be entered.


Dated:  June 6, 2017                              /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge